**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy ALBIN, Defendant–Appellant.**

**No. 01–6586.**

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY,
Circuit Judges.

*ORDER*

Timothy Albin appeals the judgment of conviction and sentence entered on his plea of guilty to conspiring to defraud the United States in violation of 18 U.S.C. § 371, presenting altered U.S. Postal Service money orders, and aiding and abetting the same in violation of 18 U.S.C. §§ 500 and 2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Albin to twelve months and one day of imprisonment and three years of supervised release. Albin appeals.

In his timely appeal, Albin's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Albin has not responded to his counsel's motion to withdraw.

Upon review, we hereby grant the motion to withdraw as counsel as it reflects that appellate counsel has independently reviewed the entire record and proceedings. Concluding that no grounds for appeal can be sustained, counsel has submitted no issues for review.

The court has reviewed the record and discovered no error warranting reversal of Albin's conviction or sentence. Albin pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Albin entered a valid guilty plea. At the plea hearing, the district court very carefully reviewed with Albin the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Albin was pleading guilty, and Albin acknowledged his guilt.

The district court properly accepted Albin's guilty plea because the transcripts of the plea hearing and sentencing proceeding clearly establish that Albin was competent to plead guilty, and that under the totality of the circumstances, Albin's plea was entered voluntarily, knowingly, and intelligently. *See Brady,* 397 U.S. at 749, 90 S.Ct. 1463. In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). *See United States·v.*

*Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The district court properly sentenced Albin. Albin had a base offense level of 6. He received a two-level enhancement for more than minimal planning pursuant to USSG § 2F1.1(b)(2) and a two-level reduction for acceptance of responsibility. Albin had a criminal history category IV. The resulting sentencing range was 12–18 months. However, defense counsel successfully argued at sentencing that the two-level enhancement for more than minimal planning did not apply. Thus, Albin was left with a total offense level of 4, a criminal history of VI, and a guideline range of 6–12 months. The district court sentenced Albin to 12 months of imprisonment. At defense counsel's request, the district court amended its sentence from 12 months, to 12 months and one day so that Albin could get up to 54 days of good-time credit from the Bureau of Prisons. Because counsel requested the sentence imposed, he did not object to the district court's sentencing decision. Where, as here, a criminal defendant has failed to raise a timely objection to a sentencing decision in the district court, he must demonstrate that the error was plain as defined by Fed.R.Crim.P. 52(b) before the court may exercise its discretion to correct the error. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). The record reveals no plain error.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.