**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francis A. KOEBERLEIN,**
**Defendant–Appellant.**

**No. 97–1424.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 5, 1998.

Decided Nov. 12, 1998.

Frank E. Stanley (argued and briefed), Grand Rapids, Michigan, for Defendant–Appellant.

Daniel Y. Mekaru (argued and briefed), Office of the U.S. Attorney for the Western District of Michigan, Grand Rapids, Michigan, for Plaintiff–Appellee.

Before: KRUPANSKY, NORRIS, and SILER, Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

Hoping to receive the benefit of a downward departure for acceptance of responsibility, defendant Francis Koeberlein pleaded guilty to one count of interstate transportation of stolen property. 18 U.S.C. § 2314.[1] However, not only did the district court decline to grant the departure, it imposed a much harsher sentence than anticipated. Defendant challenges the court's sentencing calculation.

### I.

Defendant pleaded guilty to a one-count indictment charging him with transporting a rented Bobcat front-end loader and trailer from Michigan to Wisconsin. On February 8, 1996, defendant rented the Bobcat and an equipment trailer from Andrews Rental in Battle Creek, Michigan. When defendant failed to return the equipment, the company alerted the authorities.

On February 15, Radey's Rental of Manitowoc, Wisconsin, notified Andrews Rental that it had just exchanged the Bobcat for a 1996 Haulmark car trailer. The equipment was eventually returned to Andrews Rental.

Were this the extent of defendant's brush with the law, this appeal would not be before us. However, the parole officer who prepared the pre-sentence report characterized the charged conduct as the "tip of the iceberg" in light of defendant's extensive history of theft. The district court agreed and considered these other illicit activities as relevant conduct under the Sentencing Guidelines. Rather than ordering restitution in the amount of $7,532.79, which was contemplated by the plea agreement, the district court ordered restitution of $168,195.15. The court also imposed a two-level enhancement for obstruction of justice rather than the hoped-for reduction for acceptance of responsibility. Finally, it determined that the sentencing range did not adequately reflect defendant's criminal history and therefore departed upward, imposing a sentence of seventy months' imprisonment.

### II.

#### A. Relevant Conduct

Before reaching the merits of defendant's first argument, we must first determine whether it has been waived because trial counsel failed to object either to the presentence report's relevant conduct assessment or its determination that the amount of loss was "at least" $168,195.15. In the past, this circuit has on occasion declined to review objections that were not raised below. *See United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998) (failure to object to district court's calculation of drug amount waives issue for appeal); *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995) (a failure to object results in waiver); *United States v.*

---

**1.** This section reads in part: "Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud.... Shall be fined under this title or imprisoned not more than ten years, or both."

*Nagi*, 947 F.2d 211, 213 (6th Cir.1991) (appellate court does not ordinarily address issues that might have been but were not raised in the trial court).

Defendant concedes that his trial counsel failed to object to the pre-sentence report's conclusion concerning relevant conduct and that the conduct resulted in a loss of at least $168,195.15, the amount that should be subject to restitution, or to the district court's treatment of relevant conduct and restitution at sentencing. However, he asks that we at least entertain the issue, albeit under the plain error standard of review prescribed by Fed.R.Crim.P. 52(b). This circuit has taken this approach in at least one published opinion that concerned the proper amount. of restitution where the defendant had failed to object to the amount of restitution included in his presentence report. *United States v. Hall*, 71 F.3d 569, 573 (6th Cir.1995) ("The Sixth Circuit has held that where no objection is made to the order of restitution at sentencing, the appellate court reviews for plain error.");[2] *see also United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996) (failure to notify the district court of any concern regarding downward departure constituted forfeiture of the issue but permitted plain error review); *United States v. Thomas*, 24 F.3d 829, 832 (6th Cir.1994) (plain error review when defendant failed to object at sentencing hearing to upward departure).

■ As these cases indicate, our opinions have not made crystal clear whether failure to raise a timely objection to a sentencing decision in the district court precludes us from conducting review for plain error on appeal. We hold that it does not. Where, as here, a criminal defendant has failed to ob-

ject below, he or she must demonstrate that the error was plain as defined by Fed. R.Crim.P. 52(b) before we may exercise our discretion to correct the error.[3] *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 1550, 137 L.Ed.2d 718 (1997) (citing *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *see also United States v. Ovalle*, 136 F.3d 1092, 1108 n. 17 (6th Cir.1998) ("The only exception to this rule [of waiver] is when the error falls under the 'plain error' rule of Federal Rule of Criminal Procedure 52(b)."). With this in mind, we now apply plain error review to the relevant conduct issue raised by defendant.

■ "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Johnson*, 117 S.Ct. at 1549; *United States v. Thomas*, 11 F.3d 620, 629–30 (6th Cir.1993) (discussing at length plain error doctrine set forth in *Olano* ).

■ The pre-sentence report catalogues defendant's extensive history of crimes involving fraud and theft. These included ten instances of failure to return rental property, two instances of outright theft, and two instances of bounced checks. The parole officer concluded that this activity, which resulted in at least $168,195.15 of loss, constituted "relevant conduct" under the Sentencing

---

2. In a letter brief to this court, the government contends that we should treat failure by a defendant to identify and object to issues in the pre-sentencing report as a non-reviewable "waiver," while failure to object to issues newly raised at a sentencing hearing should be regarded as merely "forfeited" and therefore reviewable for plain error. We are pointed to the distinction between the terms made by the Supreme Court in *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The government's position is persuasive and we would be inclined to adopt it were we writing on a clean slate. However, as the government concedes in

that letter brief, "the facts and holding of *Hall* are directly on point." We are left then to observe that although we have not always alluded in our opinions to the proper distinction between waivers and forfeitures, it does appear that in *Hall* we treated the circumstances we confront in this appeal as forfeitures reviewable for plain error.

3. Of course, the same standard would apply to the government had it neglected to object below and was nonetheless raising an issue on appeal.

Guidelines.[4] Guideline section 2F1.1 applies to offenses involving fraud or deceit. Under that section, the amount of loss affects the offense level. By attributing a loss of $168,-195.15 to defendant's crimes rather than the figure of $7,532,79 contemplated by the plea agreement, the district court raised defendant's base offense level by five since, the section imposes a two-level increase when the loss is between $5,000 and $10,000, and a seven-level increase when the loss is between $120,000 and $200,000. U.S.S.G. § 2F1.1(b)(1).

We discussed relevant conduct in some detail in *United States v. Hill*, 79 F.3d 1477 (6th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 158, 136 L.Ed.2d 102 (1996):

> To qualify as part of a "common scheme or plan" under the "relevant conduct" guideline, the offenses "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.*" U.S.S.G. § 1B1.3, application note 9(A). If offenses do not qualify as part of a common scheme or plan, offenses are nonetheless considered the "same course of conduct" if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, application note 9(B). The three factors relevant to determining whether offenses are sufficiently related to constitute the "same course of conduct" include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* The commentary requires courts to balance these factors such that "when one of [these] factors is absent, a stronger presence of at least one of the other factors is required." *Id.* In an apropos illustration of this sliding scale approach, the commentary explains that "where the conduct alleged to be relevant

is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity." *Id.* Furthermore, the "nature of the offenses" may also be considered to the extent pertinent to the court's analysis of the three factors. *Id.* (citing as an example the failure to file a tax return for three consecutive years because such returns are only required at yearly intervals).

*Id.* at 1481–82 (footnote omitted); *see also United States v. Moored,* 997 F.2d 139, 143–44 (6th Cir.1993) (finding that two instances of fraud not sufficiently related for uncharged instance to constitute relevant conduct).

Defendant attempts to distinguish the incidents used in the relevant conduct calculus from the offense of conviction. However, his efforts fall far short of satisfying the exacting standard required by plain error review. Even were we to conclude that defendant had satisfied the first three parts of review under *Olano,* he has certainly not shown, as he must, that the forfeited error seriously affected the fairness or integrity of the judicial proceeding. The relevant conduct, while not a mirror image of the offense of conviction, shares many of its traits. Moreover, with respect to the fairness of the judicial proceeding, defendant was provided with a report prior to sentencing that contained the relevant conduct analysis, giving him ample opportunity to object. He failed to do so. Accordingly, we decline to find plain error.

### B. Obstruction of Justice

■ The pre-sentence report recommended that defendant receive an upward departure of two levels for obstruction of justice[5] because he "willfully failed to appear, as ordered, for additional judicial proceedings following two separate arrests for conduct which is relevant to the count of conviction. Additionally, he willfully avoided

---

4. Guideline § 1B1.3(a)(2) provides that acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction" can be considered (with certain restrictions) as relevant conduct.

5. "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (Nov.1996).

or fled from arrest by using the information provided to him by family and friends." Defendant objected on the ground that, although he had missed court dates related to state prosecutions, he did not fail to appear for any proceedings related to the instant offense, which is what the Sentencing Guideline's language contemplates. *See also* U.S.S.G. § 3C1.1 n. 3(e) (obstruction includes "willfully failing to appear, as ordered, for a judicial proceeding").

In *United States v. Horry*, 49 F.3d 1178 (6th Cir.1995), this court vacated an obstruction enhancement because the obstructive behavior (using a false name) was insufficiently related to the offense of conviction (wire fraud): "All circuits which appear to have considered the issue have held, and we agree, that the obstruction must occur solely with respect to the offense of conviction." *Id.* at 1180–81 (citing cases); *see also United States v. Crousore*, 1 F.3d 382, 384 (6th Cir.1993) ("This guideline applies to conduct during the investigation, prosecution, and sentencing of the instant offense, *i.e.*, the offense for which the defendant is being sentenced under the Guidelines."). In this case, the failure to appear on state-court charges occurred before defendant had committed the crime now at issue.

Furthermore, Application Note 4 of § 3C1.1, which applies to conduct such as "avoiding or fleeing from arrest," only provides for the obstruction enhancement if that conduct resulted in a conviction under a separate count. No such separate prosecution occurred here and thus defendant argues that the district court erred in relying upon his flight to justify the enhancement.

In light of the express language of the relevant guideline and our decision in *Horry*, we believe that the district court's enhancement for obstruction of justice was inappropriate and we therefore remand for re-sentencing on that issue.

## C.   Restitution

■ The plea agreement provided as follows:

The Defendant has been fully apprised of *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), and, in accordance with 18 U.S.C. § 3663(a)(3), agrees to be responsible to pay restitution of approximately $7,532.79 to Radey Maritime Motorsports and additional restitution, as agreed at time of sentencing, to other victims of his relevant criminal conduct. The Defendant may agree to pay such additional restitution in conjunction with the resolution of pending unrelated state charges. This is *not* binding upon the court. Fed.R.Crim.P. 11(e)(1)(B).

Rather than adopt the plea agreement, the district court accepted the recommendation of the pre-sentence report and ordered restitution in the amount of $168,195.15. This figure was derived from the losses incurred in the state cases that the court deemed to be relevant conduct.

At the sentencing hearing defense counsel made no objection to the amount of restitution ordered and, consequently, we review for plain error.

In *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), the Court confronted the question whether the Victim and Witness Protection Act of 1982 permitted a court to order a defendant who is charged with multiple offenses but who is convicted of only one to make restitution for losses related to the other alleged offenses. The Court held "that the language and structure of the Act make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* at 413, 110 S.Ct. 1979 (footnote omitted).

Congress later amended the restitution provisions to enable a court to order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3); *see United States v. Guardino*, 972 F.2d 682, 686 n. 6 (6th Cir. 1992) (discussing amendment). Defendant cites several cases from this circuit in which we vacated a restitution order because it included losses attributable to crimes to which defendant did not plead guilty and which were not specifically mentioned in a plea agreement. *See United States v. Tunning*, 69 F.3d 107, 114 (6th Cir.1995) (plain

error for district court to order restitution for acts of credit card fraud to which defendant did not plead guilty); *United States v. Gifford*, 90 F.3d 160, 163 (6th Cir.1996) (error to order restitution to banks that were not defrauded under the offense of conviction); *United States v. Comer*, 93 F.3d 1271, 1279 (6th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 595, 136 L.Ed.2d 523 (1996) (error to impose restitution based upon losses resulting from a charge of which defendant was acquitted).

The government counters that the plea agreement explicitly contemplated restitution in conjunction with the total relevant conduct. By not objecting to the amount recommended at sentencing, defendant tacitly agreed to the order. Thus, the order is valid in light of 18 U.S.C. § 3663(a)(3), which provides: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." In the government's view, the language of the agreement, coupled with the lack of objection, constitutes acquiescence to the amount ordered.

Once again, our decision flows from the plain error standard of review applicable to this issue. Even if we assume that the language of the plea agreement is too ambiguous to support the government's reading, the fact that some error may have occurred does not resolve our inquiry. Under *Olano* and *Johnson*, the error must have affected the fairness or integrity of the judicial proceeding. For the same reasons that guided our resolution of the relevant conduct issue, we conclude that any error with respect to the restitution order fell short of this threshold because defendant was provided in advance of sentencing with a recommended restitution order at odds with that contemplated by his plea agreement and yet chose not to object. In our view, this meets the requirement of basic fairness applicable to plain error review. Accordingly, the order of restitution is affirmed.

## D. Upward Departure for Criminal History

■ The district court departed upward by one level because it concluded that the Sentencing Guideline's criminal history calculation did not adequately reflect the fact that defendant showed general disregard for "the sentence provisions in all these previous cases, that we had not only continuing criminal conduct, but we had disregard for the laws of the Court and we had criminal livelihood combined with that." In reaching its decision, the court relied upon the criminal history summary contained in the pre-sentence report. Among others things, defendant ignored warrants, violated probation, escaped from detention, and committed new crimes while charges were pending against him. Because defendant already had a criminal history category of VI, the highest provided in the guidelines, the district court compensated by adjusting the base offense level upwards by one level.

■ We review a decision to depart for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

The government observes that U.S.S.G. § 4A1.3, p.s., which governs departures, provides that a departure may be warranted if "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Other items to be considered include "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense" and "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(d)-(e). In this case, other charges were pending. Finally, the section also allows consideration of whether a defendant "committed the instant offense while on bail or pretrial release for another serious offense." That is the case here.

Given these considerations, we affirm the decision of the district court. Defendant has violated parole on numerous occasions and presents an extremely high risk of recidivism. These factors, coupled with the minimal departure imposed by the district court, make it clear that no abuse of discretion occurred.

### III.

With the exception of the district court holding defendant responsible for obstruction of justice, all sentencing decisions of the court are **affirmed**. The cause must be **remanded**, however, for resentencing consistent with this opinion.