UNITED STATES of America,
Plaintiff–Appellee,

v.

Arnoldo CANO–FAVELA,
Defendant–Appellant.

No. 01–1047.

United States Court of Appeals,
Sixth Circuit.

March 6, 2003.

BEFORE: RYAN, CLAY, and GIBBONS, Circuit Judges.

RYAN, Circuit Judge.

The defendant, Arnoldo Cano–Favela, appeals his conviction for conspiracy to distribute cocaine, alleging that the district court abused its discretion when it admitted in evidence a videotape of a drug transaction, cocaine seized in that transaction, and cocaine base seized in a police raid. Cano–Favela also appeals his sentence, alleging that his Fifth and Sixth Amendment rights were violated because his indictment did not provide the required notice that he faced conviction and sentence for conspiracy to distribute at least five kilograms of cocaine. For the reasons stated below, we will affirm Cano–Favela's conviction and sentence.

## I.

On March 9, 2000, Cano–Favela was indicted with Jose Ramon Diaz, Noel Cano, and Francisco Soto for conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Diaz and Soto pleaded guilty and testified against Cano–Favela. Others involved in the conspiracy who testified against Cano–Favela included Samuel Ramos, Cazembe Baskin, and Cornail Richardson, all of whom had pleaded guilty to drug-related conspiracy charges.

Ramos testified that from 1996 until 1998, Cano–Favela supplied him with cocaine. Once every week or two, Cano–Favela gave Ramos one to ten kilograms of cocaine on consignment. Ramos picked up the cocaine in Chicago, distributed it in Grand Rapids, and paid Cano–Favela after it was distributed. In 1998, Cano–Favela introduced Ramos to Diaz, Cano–Favela's nephew, who worked for Cano–Favela. In late 1998, when Cano–Favela went to Mexico, Ramos received cocaine from Diaz. Diaz testified that pursuant to Cano–Favela's instructions, he delivered some 50 kilograms of cocaine to Ramos over time, and collected the payments for it. When Diaz received the payments from Ramos, he distributed the money to other associates, according to Cano–Favela's instructions. Cano–Favela paid Diaz for storing the cocaine, giving it to Ramos, and receiving the payments.

In March 1999, Ramos went to Mexico. At this time, Ramos owed Diaz and Cano–Favela approximately $200,000. Ramos could not pay this debt because other drug dealers, including Baskin and Richardson, owed him money for cocaine he had given them on consignment. While Ramos was in Mexico, Noel Cano, another drug dealer, collected the money owed to Ramos. Noel Cano also gave cocaine to other drug dealers, including Richardson. In March 1999, Noel Cano told Richardson that the price for the cocaine was high because Ramos was in trouble.

At Cano–Favela's trial, the government introduced a videotape of a cocaine delivery transaction among Noel Cano, Richardson, and Soto. The government also introduced the cocaine involved in the transaction. Later, the government introduced a quantity of cocaine base seized in a raid on Baskin's girlfriend's apartment. Baskin testified that he received the cocaine, which he converted into cocaine base, from Ramos. Cano–Favela's trial counsel did not object to any of this evidence.

Cano–Favela was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The jury was given a verdict form that contained the question:

> Was Arnoldo Cano–Favela beyond a reasonable doubt a conspirator in the distribution of at least 5 kilograms of cocaine?

The jury answered, "Yes." Pursuant to this response, the district court sentenced Cano–Favela under 21 U.S.C. § 841(b)(1)(A)(ii), which imposes a sentence of ten years to life for an offense involving five kilograms or more of cocaine. The district court found a base offense level of 36 because the conspiracy involved at least 50 kilograms of cocaine. A four-point adjustment was added for Cano–Favela's leadership role in the conspiracy, for a total offense level of 40, which carries a penalty of 292–365 months of imprisonment. The district court sentenced Cano–Favela to 292 months of imprisonment.

## II.

### A. Evidentiary Challenges

Cano–Favela now argues that the district court erred when it admitted (1) the videotape, (2) the cocaine seized in the videotaped transaction, and (3) the cocaine base seized from Baskin's girlfriend's apartment. Cano–Favela contends that all this evidence related to Noel Cano and should not have been admitted because Noel Cano was not connected to any conspiracy involving Cano–Favela, Diaz, and Ramos. Cano–Favela argues that without this evidence, the government would have failed to prove its case beyond a reasonable doubt.

Because he did not object to the admission of the evidence at trial, we review Cano–Favela's claims for plain error. *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999). To establish plain error, Cano–Favela must show that (1) an error occurred in the district court, (2) the error was plain, *i.e.,* obvious or clear, (3) the error affected his substantial rights, and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). "Plain errors are limited to those harmful ones that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial. Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice." *United States v. Henning,* 286 F.3d 914, 920–21 (6th Cir.2002) (internal quotation marks and citations omitted).

The challenged evidence was relevant if it had "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But even if relevant, the challenged evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Evidence is unfairly prejudicial if it "tends to suggest decision on an improper basis." *United States v. Gibbs,* 182 F.3d 408, 430 (6th Cir.1999) (internal quotation marks and citations omitted).

Cano–Favela argues that the challenged evidence was irrelevant, and even if relevant, was unfairly prejudicial. We think the evidence was neither irrelevant nor unfairly prejudicial and that the court committed no error in admitting it, plain or otherwise.

To determine whether the evidence was relevant, we must consider the elements of a drug conspiracy, which are "(1) an agreement to violate drug laws, (2) knowledge

and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Taylor*, 248 F.3d 506, 515 (6th Cir.), *cert. denied*, 534 U.S. 981, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001). A defendant "'need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement.'" *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir.2001) (quoting *Gibbs*, 182 F.3d at 421), *cert. denied*, 534 U.S. 1149, 122 S.Ct. 1111, 151 L.Ed.2d 1005 (2002), *and cert. denied*, 534 U.S. 1171, 122 S.Ct. 1194, 152 L.Ed.2d 134 (2002). "'[O]nce the conspiracy itself has been proven to exist, it is not necessary to show that a defendant knew every member of the conspiracy or knew the full extent of the enterprise. Such evidence can be inferred from the interdependence of the enterprise.'" *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir.1998) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1210 (6th Cir.1993)).

The heart of the defendant's relevancy challenge to the admission of the videotape and the seized cocaine is his claim that he was not present in the drug transaction that was captured on the videotape and that the cocaine received in evidence was not seized from him, but from Noel Cano. And that argument depends, in turn, upon the claim that Noel Cano was not a member of the conspiracy with which the defendant was charged.

■ It is elemental, of course, that direct evidence of a drug-related link between a defendant and a conspirator–in this case between Cano–Favela and Noel Cano–is not necessary "[o]nce the conspiracy itself has been proven to exist." *Id.* Numerous witnesses testified as to the central drug conspiracy involving Cano–Favela, Diaz, and Ramos. Noel Cano was shown to have participated in the central conspiracy through his supplier, Ramos.

Ramos, in turn, owed money to Cano–Favela and to Diaz for cocaine he received on consignment. Other drug dealers, in turn, owed Ramos money for cocaine they received on consignment. Noel Cano collected money that was owed to Ramos and sold drugs at a higher price, representing to his customers that Ramos needed substantial funds to pay his own drug debts. Plainly then, Noel Cano's drug trafficking, including the transaction captured on the videotape, furthered the general aim of the enterprise, which was the distribution of drugs. It is of no moment to the relevance of the videotape and the cocaine seized in the taped transaction that the defendant was not depicted in the episode recorded. Once it was shown through independent evidence that the defendant and Noel Cano were fellow conspirators in cocaine trafficking, as indeed it was shown, it was not the government's obligation to demonstrate that the defendant was present at every drug transaction attributable to the conspiracy, or even that he had personal knowledge of every transaction.

The videotape of Noel Cano carrying on the business of the criminal enterprise and the cocaine seized in the very transaction videotaped were relevant as tending to prove the crime charged and were therefore admissible.

■ Moreover, this evidence was not unfairly prejudicial. Indeed we are at a loss to understand the defendant's argument that it is. The argument seems to be that the jurors' ability to "see," by viewing the videotape, one of the overt acts of the charged conspiracy and to have before them in the courtroom the contraband seized by the officers, is unfairly prejudicial because (1) videotape evidence is "powerful," (2) some courts in some other cases have excluded such evidence, and (3) there is a danger the jurors will be emotionally shocked. There is no charge here

that the videotape was edited or in any way "doctored," depicted shocking behavior, or, aside from the defendant's relevancy argument, recorded any uncharged misconduct. If the essence of the defendant's unfair prejudice argument is that it would be fairer for the jurors to learn about the cocaine trafficking episode involving Noel Cano through the secondhand description of a witness, with all the weaknesses of testimonial evidence, rather than capturing the event on videotape, we think the argument is meritless.

The defendant makes essentially the same irrelevancy and unfair prejudice arguments with respect to the cocaine seized from Baskin's girlfriend's apartment. But this argument, too, is without merit. Baskin testified that he received the seized cocaine from Ramos, who had been receiving cocaine from Diaz and the defendant. This testimony linked the cocaine seized from Baskin to the charged conspiracy. Even if, as Cano–Favela claims, Ramos received his cocaine from Noel Cano, rather than Cano–Favela and Diaz, the cocaine was still relevant because Noel Cano was involved in the underlying conspiracy.

Once again, the defendant's argument that it was unfairly prejudicial for the jurors to see the cocaine seized from Baskin because it has unfair "visual and tactile appeal," is meritless, bordering on the absurd. Suffice it to say that the defendant has failed to offer any persuasive argument on that claim and, more importantly, has wholly failed to demonstrate that the district court plainly erred in admitting the evidence of the challenged videotape and the quantities of seized cocaine.

**B. Ineffective Assistance of Counsel**

■ Cano–Favela claims that his trial counsel was ineffective because his counsel (1) failed to move to suppress the videotape and cocaine, (2) failed to object to the admission of the evidence, (3) failed to ask for a limiting instruction on the evidence, (4) and failed to call the "glaring evidentiary deficiency" to the attention of the jury. Generally, ineffective assistance of counsel claims are not cognizable on direct appeal. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999). These claims are more properly presented in post-conviction proceedings under 28 U.S.C. § 2255. *Id.* In the rare case where the record is sufficiently developed that an evidentiary hearing would be unlikely to produce any new, material evidence on the issue, we have proceeded to consider the claim on direct appeal. *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). But this is not such a case; the record is not sufficiently developed, and therefore, we decline to address this claim.

**C. Sufficiency of the Indictment**

Cano–Favela challenges the constitutionality of his sentence. He argues that he had no notice that he was charged with conspiring to distribute *at least five kilograms* of cocaine because his indictment merely cited the penalty provision of the statute under which he was sentenced, and, moreover, the citation was outside of the charging statement. He argues that because the five kilogram drug quantity increased the statutory *maximum* penalty, his conviction violated his Fifth and Sixth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Cano–Favela disputes the government's contention that he did not raise an *Apprendi* argument before the district court. Accordingly, Cano–Favela argues that *de novo* rather than plain error review should apply.

■ We need not decide whether Cano–Favela properly preserved an *Apprendi* argument for appeal because the challenge has no merit. Not only did the indictment

sufficiently reference the specific five-kilogram penalty enhancement by citing the relevant statutory provision, but Cano–Favela *agreed* to the special verdict form, which asked the jury whether he conspired to distribute at least five kilograms of cocaine. Thus, Cano–Favela had adequate notice and understood the nature of the charges against him.

We note that Cano–Favela challenged the constitutionality of the provision under which he was sentenced, 21 U.S.C. § 841(b)(1)(A)(ii), but withdrew this challenge at oral argument.

### III.

For the foregoing reasons, we **AFFIRM** the conviction and sentence of Arnoldo Cano–Favela.