**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maximino SAENZ–SIGALA,
Defendant–Appellant.**

No. 02–6304.

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

Maximino Saenz–Sigala appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Saenz–Sigala pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court sentenced Saenz–Sigala to 188 months of imprisonment and five years of supervised release. Saenz–Sigala appeals.

On appeal, Saenz–Sigala's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Saenz–Sigala has not responded to his counsel's motion to withdraw.

Upon review, we conclude that the motion to withdraw as counsel should be granted as it reflects that counsel has reviewed the entire record and proceedings. Believing the appeal to be without merit,

---

\* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

counsel submits the following issue for review: whether the district court erred by refusing to grant Saenz–Sigala a three-level downward adjustment for his acceptance of responsibility. Counsel candidly concedes that the defendant withdrew all objections to the presentence report and found no legal errors in the sentence.

The record reveals that Saenz–Sigala entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ At the plea hearing, the district court, with the aid of a Spanish language interpreter, extensively and carefully reviewed with Saenz–Sigala the rights he was waiving and the maximum penalty he faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of his rights and the potential penalties, Saenz–Sigala expressly acknowledged his guilt. Thus, the record reflects that Saenz–Sigala understood the rights that he was waiving, and that he understood the potential penalties associated with his crime. Therefore, the district court properly accepted Saenz–Sigala's guilty plea.

The district court also properly sentenced Saenz–Sigala. In Saenz–Sigala's presentence report, the government recommended a base level offense of 34 with a two-level increase for obstruction of jus-

tice. Thus, Saenz–Sigala was subject to a guideline range of 188 to 235 months of imprisonment based upon a criminal history category of I and an adjusted offense level of 36. Saenz–Sigala accepted the government's recommendation and withdrew all objections to the presentence report and its calculation or recommended sentence. The district court sentenced Saenz–Sigala to the lowest term of imprisonment within the guideline range.

Saenz–Sigala forfeited his argument by failing to make objections at the sentencing proceedings to the failure to adjust for acceptance of responsibility. "Where, as here, a criminal defendant has failed to object below, he or she must demonstrate that the error was plain ... before we may exercise our discretion to correct the error." *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). This court, therefore, reviews the district court's decisions in these matters for plain error.

Under the plain error test of Fed. R.Crim.P. 52(b), there must be "(1) error, (2) that is plain, and (3) that affects substantial rights." However, an appellate court may correct such an error not raised at trial, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (citing *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (quoting *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *United States v. Carter,* 236 F.3d 777, 783–84 (6th Cir.2001). Here, Saenz–Sigala cannot show that the district court erred by accepting the presentence report's recommendation of a base offense level of 34 with a two-level increase for obstruction of justice. Inasmuch as Saenz–Sigala withdrew all sentencing objections and specifically agreed

to the district court's findings and rulings, no evidence was introduced to suggest that the district court erred.

Even if Saenz–Sigala had not forfeited his claim, his claim is lacking in merit. To obtain a full, three-level reduction for acceptance of responsibility, Saenz–Sigala was required to show by a preponderance of the evidence that he had assisted the authorities by: (1) timely providing complete information to the government concerning his own involvement in the offense; or, (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. USSG § 3E1.1(b). The conduct that qualifies for a reduction under these subsections will generally occur "particularly early in the case." USSG § 3E1.1, comment. (n.6).

Saenz–Sigala now argues that because he pleaded guilty before trial, that he is entitled to the three-level reduction. Even if Saenz–Sigala communicated his intent to plead guilty, his argument is unavailing because notification of a defendant's intent to plead guilty is not the only requirement for granting a three-level reduction under § 3E1.1(b)(2). The notification also must be made within sufficient time to permit the government to avoid preparing for trial and to permit the court to allocate its resources efficiently. USSG § 3E1.1(b)(2).

■ The record reveals that Saenz–Sigala did not plead guilty, or express his intention to plead guilty "particularly early in the case." See USSG § 3E1.1, comment. (n.6). Saenz–Sigala was arrested on November 8, 2001. He waived personal appearance at arraignment and pleaded not guilty. Trial in the case was set for January 29, 2002, then rescheduled for April 2, 2002. Saenz–Sigala pleaded guilty on March 29, 2002, just three days before trial was scheduled to commence. More-

over, Saenz–Sigala offers nothing to suggest that the prosecutor had not already done a significant amount of trial preparation by that time. Therefore, Saenz–Sigala cannot meet his burden of showing that he was entitled to a three-level reduction under § 3E1.1(b)(2). *See United States v. Smith,* 245 F.3d 538, 547 (6th Cir.2001); *United States v. Bashara,* 27 F.3d 1174, 1184–85 (6th Cir.1994).

Finally, we have reviewed the record and discovered no error warranting reversal of Saenz–Sigala's conviction or sentence.

Accordingly, we hereby grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.