**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fred ASKEW, Defendant–Appellant.**

No. 02–5103.

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2003.

Frederick H. Godwin, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

A.C. Wharton, Jr., Wharton, Wharton & Associates, Memphis, TN, for Defendant–Appellant.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

OPINION

PER CURIAM.

Defendant Fred Askew appeals the conviction and sentence imposed for conspiring to steal merchandise affecting interstate commerce.

On March 27, 2001, a grand jury returned an indictment charging defendant and five other individuals with conspiring "to profit by stealing freight from warehouses, trucks, depots and loading docks and re-selling it in order to unlawfully enrich themselves," in violation of 18 U.S.C. § 371. A second count charged defendant individually with stealing a load of laptop computers from a truck traveling from Chicago to Memphis in violation of 18 U.S.C. § 659 (theft of interstate shipments). This theft was also listed as an overt act in the conspiracy count.

Although his co-defendants pleaded guilty to the conspiracy charge, defendant elected to go to trial. On August 10, 2001, the jury acquitted him on the theft count and failed to reach a verdict on the conspiracy count. After a second trial, defendant was found guilty of conspiracy and was sentenced to sixty months of imprisonment, three years of supervised release, and ordered to pay restitution in the amount of $262,236.40.

In calculating the economic loss caused by defendant's actions, the district court included the value of the laptop computers. Accordingly, the overall loss was in excess of $500,000, resulting in an addition of twelve points to the base offense level. U.S.S.G. § 2B1.1 (Nov.2000). Defendant filed an objection to the pre-sentence report, contending that "any amounts towards the property value of such computers whether wholesale or retail should not be included for purposes of determining property loss ... as he was found not guilty of that offense." In *United States v.*

*Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), however, the Court held "that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." At the sentencing hearing, the district court explicitly found that "the preponderance of the evidence at trial establishes that Mr. Askew was responsible for the theft of the laptop computers."

On appeal, defendant no longer contends that acquitted conduct cannot be deemed relevant conduct, nor does he contest the district court's conclusion that a preponderance of the evidence supports his responsibility for the theft. Rather, he argues that the district court's decision stretches the Guideline section that governs relevant conduct to the breaking point. *See* U.S.S.G. § 1B1.3 (Nov.2000). In his view, the theft of the laptop computers was too remote in time to be considered "relevant conduct" with respect to the charged conspiracy; and, second, the indictment failed to allege, nor did the evidence at trial indicate, that any of his co-conspirators participated in the theft. Defendant cites *United States v. Hill,* 79 F.3d 1477 (6th Cir.1996), in support of his contention. In *Hill,* this court concluded that a single drug transaction that occurred more than nineteen months before another drug trafficking conviction was too remote in time to count as relevant conduct as defined by § 1B1.3, which requires that it be "part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* at 1481 (quoting U.S.S.G. § 1B1.3(a)(2)). Furthermore, we noted that the term "common scheme or plan" requires that the offenses "be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.*" *Id.* (quoting

U.S.S.G. § 1B1.3 cmt. n. 9(A)). In this vein, the "same course of conduct" determination hinges upon factors like "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* at 1482 (quoting U.S.S.G. § 1B1.3 cmt. n. 9(B)).

Turning to the facts of the present case, defendant points out that the theft of the laptop computers occurred in May 1998 while the theft of the television sets began in July 1999, over a year later. Furthermore, there are other factors that support a conclusion that the laptop theft does not constitute relevant conduct: 1) he did not undertake the theft with the co-conspirators who assisted him with the televisions; 2) the items stolen were different; and 3) while all of the thefts involved trucks, the *modus operandi* was otherwise not the same.

However, defendant failed to present these arguments to the district court. This oversight deprived the government and the district court of the opportunity to address defendant's points during the sentencing hearing. Consequently, our review is for plain error. *See United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir. 1998).

■ The government argues that the laptop and television thefts were sufficiently similar to represent a common scheme or plan and thus represent relevant conduct for sentencing purposes. According to the trial testimony of Jason Wilson, the man who purchased the stolen televisions, each of defendant's two brothers unloaded televisions from the truck on at least one occasion. During the first trial, co-conspirator Archie Collier testified that one of defendant's brothers told him that defendant had computers for sale at approximately the same time as the laptop theft. Also during the first trial, co-conspirator

Jeffrey Tuggle stated that defendant told him that "he had just brought some computers from Chicago, and he had the truck" and was therefore capable of removing the televisions from Sears. Finally, Wilson testified during the first trial that defendant "said he had stole a load of laptop computers that he sold for $600 apiece."

Admittedly, the link between the theft of the laptop computers and the subsequent conspiracy is not ironclad. However, there is evidence that defendant used the laptop theft to bolster his credibility in recruiting participants for the conspiracy and that at least one of his brothers may have participated in both crimes. When coupled with the fundamental similarity of the crimes, we would be hard pressed to conclude that the district court committed plain error when it included the theft of the laptops as relevant conduct.

■ Defendant also contends that the district court erred when it permitted the introduction of certain threatening statements, which he made to his co-conspirators, to the effect that "someone would die" if he were being set up. While he concedes that these threats were admissible, defendant argues that their "probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. We review a district court decision regarding Rule 403 for an abuse of discretion. *United States v. Layne*, 192 F.3d 556, 573 (6th Cir.1999).

This court has generally allowed the admission of threats of violence towards others, particularly witnesses, to show consciousness of guilt. *See United States v. Fortson*, 194 F.3d 730, 736 (6th Cir.1999); *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986); *but see United States v. Copeland*, 321 F.3d 582, 598 (6th Cir.2003) (while threats against prosecutor admissible to establish consciousness of guilt, they were overly prejudicial). As

used in Rule 403, unfair prejudice "does not mean the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *Mendez–Ortiz*, 810 F.2d at 79.

The district court did not abuse its discretion in permitting the introduction of the contested statements. We note that they were presented in context (one of the two statements was included on a tape recording played at trial), and the jury could assign them appropriate weight. While the introduction of the statements may have portrayed defendant in a negative light, that consideration does not necessarily render them impermissibly prejudicial. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998).

The judgment is **affirmed.**