UNITED STATES of America,
Plaintiff–Appellee,

v.

Dordanius COLEMAN, Defendant–
Appellant.

No. 03–5633.

United States Court of Appeals,
Sixth Circuit.

Feb. 24, 2004.

Tracy L. Berry, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Alan Bryant Chambers, Handel R. Durham, Jr., Chambers & Durham, Memphis, TN, for Defendant–Appellant.

Before: MARTIN and MOORE, Circuit Judges: WEBER, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

Dordanius Coleman appeals from the sentence imposed following his guilty plea conviction. Because we conclude that the district court erroneously added three points to Coleman's criminal history level, we VACATE Coleman's sentence and RE-MAND for resentencing.

On May 13, 2002, Coleman pleaded guilty to one count of making, uttering and possessing a counterfeited security in violation of 18 U.S.C. § 513(a). Coleman, arguing that he was in the process of having his state court convictions expunged, persuaded the district court to delay his sentencing hearing on five occasions. On May 5, 2003, however, the district court sentenced Coleman to fifteen months imprisonment. Applying the 2001 Sentencing Guidelines, the district court based its decision on the following calculations as made in the Presentence Investigation Report.

Coleman's base offense level for violating 18 U.S.C. § 513(a) was six. Because $27,319 in losses were attributed to Coleman's actions-over Coleman's objection-four points were added to his offense level. Pursuant to section 3E1.1(a) of the Sentencing Guidelines, two levels were subtracted from Coleman's offense level for accepting responsibility. With eleven criminal history points, Coleman had a category V criminal history level. Thus, the applicable guideline range for committing a level eight offense with a category V criminal history was fifteen to twenty-one months imprisonment. Accordingly, the district court sentenced Coleman within

that range. Additionally, the district court imposed two years of supervised release and ordered Coleman to pay a $100 assessment. Coleman filed a timely notice of appeal.

On appeal, Coleman presents several arguments. First, Coleman argues that the district court made an erroneous loss calculation. We find this argument unpersuasive. The record reveals that Coleman voluntarily withdrew this objection after the United States warned him that if he insisted upon objecting to the loss calculation, it would argue that he should not be given a two level acceptance of responsibility departure. The United States acted well within in its discretion in administering this warning. Moreover, we find that the United States' warning did not constitute coercion sufficient to undermine the voluntariness of Coleman's decision to withdraw his objection. Coleman relatedly argues that the United States' "threat" of arguing for a denial of an acceptance of responsibility departure constituted a denial of due process. As Coleman has provided no precedential or persuasive support for this argument, we find that it lacks merit.

Second, Coleman argues that the district court erroneously added three criminal history points pursuant to section 4A1.1(c) of the Sentencing Guidelines for three separate 1987 state court charges for which he was sentenced to five years probation on each charge to be served concurrently. In 1989, the state issued probation violation warrants against Coleman. Coleman argues that because adjudication was withheld for these charges, no adjudication of guilt occurred and they should therefore not be counted in calculating his criminal

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

---

history level. *See* U.S.S.G. § 4A1.2(a)(1). The United States, however, argues that because Coleman pleaded nolo contendere on each of the state court proceedings before adjudication was withheld, they were properly countable in assessing his criminal history level. Because we find that the addition of the three criminal history points was erroneous for other reasons, we decline to address these arguments.

■ For the first time on appeal. Coleman argues that the district court erred by including the three withheld adjudications in calculating his criminal history level because they were time-barred pursuant to section 4A1.2(e) of the Sentencing Guidelines. Because Coleman failed to raise this argument before the district court, our review is restricted to plain error. *See United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). Upon review, we conclude that Coleman has established that the district court's inclusion of these adjudications in assessing his criminal history level constituted plain error because they were time-barred pursuant to section 4A1.2(e) of the Sentencing Guidelines.

Section 4A1.2(e) applies a ten-year limitation period on "prior sentences" that are countable for purposes of section 4A1.1 of the Sentencing Guidelines. The United States argues that because the probation violation warrants that the state issued in 1989 remained active at the time of the instant offense the time limitation contained in section 4A1.2(e) was extended. We disagree. The only authority that the United States cites in support of its argu-

ment is section 4A1.2(m) of the Sentencing Guidelines. Section 4A1.2(m) states:

*For the purposes of § 4A1.1(d),* a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.,* a probation .... violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.2(m) (emphasis added). The United States reasons that although section 4A1.2(m) does not refer specifically to section 4A1.1(e), it provides persuasive support for its argument. We find this reasoning unpersuasive.

The plain language of section 4A1.2(m) applies only to the addition of criminal history points pursuant to section 4A1.1(d) of the Sentencing Guidelines. Because in this case the criminal history points for Coleman's prior sentences were added pursuant to section 4A1.1(c) of the Sentencing Guidelines and not section 4A1.1(d), we find section 4A1.2(m) simply inapplicable. Therefore, we find that the district court committed plain error by adding three criminal history points for state court adjudications that were time-barred by the application of section 4A1.2(e). Accordingly, we VACATE Coleman's sentence and REMAND to the district court for resentencing consistent with this opinion.[1]

---

1. Coleman also argues that he was deprived of the effective assistance of counsel during sentencing because his counsel failed to object to the district court's use of time-barred convictions in calculating his criminal history level. Given the remedy that we are granting for the erroneous inclusion of the state court charges parallels the remedy we would grant for an ineffective assistance of counsel at sentencing claim, we find it unnecessary to separately address this argument.