**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andrew MENICHINO, Defendant–Appellant.**

No. 04–1020.

United States Court of Appeals, Sixth Circuit.

July 8, 2004.

Michael A. MacDonald, Asst. U.S. Attorney, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Frank E. Stanley, Grand Rapids, MI, for Defendant–Appellant.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

PER CURIAM.

Defendant Andrew Menichino appeals the district court's revocation of his supervised release and the resulting sentence. As the district court did not abuse its discretion in finding that Menichino had willfully failed to pay court-ordered restitution, we **AFFIRM**.

### BACKGROUND

In 1993, Menichino was convicted of multiple counts of bank fraud. He was ultimately sentenced to a term of imprisonment, along with court-ordered restitution in the amount of $300,000 and a three-year period of supervised release. The court imposed a supervised release condition that Menichino's restitution be paid before the end of his release period.

On May 5, 2000, Menichino was released from incarceration and began his three-year term of supervised release. From the commencement of his supervised release, Menichino clashed with his probation officer. The probation officer insisted that, due to the nature of Menichino's convictions, Menichino was required to receive her approval before borrowing money or opening lines of credit. Menichino consistently disputed the probation officer's authority to impose this condition as the court had not imposed it. During his release period, Menichino frequently took out loans and obtained lines of credit, informing the probation officer, who consistently admonished him against this behavior in an ad hoc manner. Additionally, the probation officer set Menichino's initial restitution payment schedule at fifty dollars per month. Menichino voluntarily raised this amount twice until he was paying two hundred dollars per month. By

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

February 2003, Menichino had paid approximately $7,000 toward his restitution.

In February 2003, the probation officer informed Menichino that his supervised release was scheduled to finish on May 4, 2003, but that the issue of his unpaid restitution still needed to be addressed. Menichino inquired about the possibility of a settlement, offering $30,000 as full satisfaction for his restitution. The probation officer agreed to inquire about the possibility of a settlement, but it was refused by the government. On May 1, 2003, the district court summoned Menichino to defend against a petition to revoke his supervised release due to violations of his release conditions. The petition set out five violations including: 1) failure to pay restitution; 2) failing to follow the probation officer's instructions not to open new lines of credit; 3) committing another crime, and not following the probation officer's instructions, in that he had failed to disclose several loans on his financial statement in violation of 18 U.S.C. § 1001; 4) committing another crime and not following instructions by purchasing an automobile which he did not report in violation of 18 U.S.C. § 1001 and the probation officer's instructions; and 5) committing another crime of bank fraud by securing several loans with false information.

At the hearing, it was established that Menichino had been conducting a large array of financial affairs through an entity called the Sandro Trust and a business called Innovative Associates. Two trustees of the Sandro Trust testified, but could not recall various significant facts in regards to the Trust. The district court found that the Trust was a sham and that the two "trustees" perjured themselves during their testimony. It was also established that hundreds of thousands of dollars had flowed through the accounts for the Sandro Trust and Innovative Associates during the previous two years in which Menichino had signatory authority over the accounts, but the United States made no effort to show what the net balances of those accounts were, or where the money was going. However, Menichino did inform a bank that extended credit for his businesses that he and/or the Sandro Trust had a net worth of $301.000 and that he owned forty percent of Innovative Associates, which made profits of $80,000 in 2002 and $212,000 in 2003. The Sandro Trust also informed the bank that it had income of approximately $557,000 in 2001.

The court ultimately found that Menichino had willfully failed to pay his restitution, citing the large amounts of money that flowed through Innovative Associates and the sham Sandro Trust, along with the fact that he was married to a wealthy woman. The court also found that Menichino had violated the standard condition to be truthful with and follow the instructions of his probation officer regarding his loans. The court then revoked the supervised release and imposed a sentence of eleven months to be followed by a one-year term of supervised release. The court additionally imposed the balance of the restitution as an amount to be paid no later than the end of Menichino's first six months of supervised release.

Menichino now appeals, claiming 1) it was an abuse of discretion to revoke his supervised release for nonpayment of restitution when the government has not shown that he had the ability to pay; 2) he could not violate the loan condition as it had never been imposed by the district court; 3) he could not be found to have violated the restitution order when the government did not show that the victim bank was still in existence; and 4) the district court improperly re-imposed the original restitution amount without making

any findings in regard to Menichino's ability to pay.

### ANALYSIS

To revoke supervised release, a district court must find by a preponderance of the evidence that a defendant violated a supervised release condition. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000). We review such a finding for an abuse of discretion. *United States v. Curtis*, 237 F.3d 598, 605 (6th Cir.2001). As only a single violation is needed to revoke supervised release, *Cofield*, 233 F.3d at 408, we address the non-payment of restitution as the strongest basis for revocation along with being the most pertinent issue in relation to the other assignments of error.

Before imprisoning Menichino for failure to pay restitution a court must find that he "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay." *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Although Menichino argues that the government did not show a net amount he would have been able to divert from his businesses to pay restitution, or even that he had the authority to do so, the evidence showed that he had been intentionally obscuring his financial condition. The Sandro Trust was shown as a sham where the "trustees" had no role except to provide a cover for Menichino's activities involving hundreds of thousands of dollars. Menichino's wife testified that the Trust owned fifty percent of Innovative Associates and she owned the other fifty percent. Yet Menichino told the bank that he owned forty percent of Innovative Associates, while he was telling his probation officer that he was only an employee of Innovative Associates and not an owner.

These examples, among others, demonstrate Menichino's intent to hide his financial condition such that a finding that Menichino had willfully failed to comply with the restitution order was not an abuse of discretion. It may well be that Menichino did not have the net resources over his supervised release period to pay all the restitution since the dollar figures presented by the government were generally gross cash flows and not net income available for Menichino's discretionary disposal. However, given that Menichino purposefully hid his business activity, it was a reasonable inference for the court that he had avoided making bona fide efforts to comply with the restitution order which was a condition of his supervised release.

As only one violation is necessary to revoke supervised release, the rest of Menichino's assignments of error are immaterial or without merit. The lack of proof that the victim receiving restitution continued to exist was waived, or could not survive plain error review, as it was never raised before the district court and could not have been discerned as a possible issue by the district court. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). Additionally, Menichino did not object to the district court's re-setting of the restitution amount or payment schedule. Menichino may seek from the district court a modification of the payment schedule, or even a waiver of having his supervised release conditioned upon payment of the restitution, if his true financial condition warrants it. 18 U.S.C. § 3583(e).

**AFFIRMED.**