**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dramond D. HICKS, Defendant–**
**Appellant.**

No. 02–2436.

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 2004.

Before: BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, Senior District Judge.*

## OPINION

DOWD, Judge.

This appeal focuses on the sentence received by the defendant-appellant, Hicks, who entered a plea of guilty pursuant to a written plea agreement for the crime of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine. The written plea agreement was accompanied by a sentencing worksheet, which alerted Hicks to the fact that he was facing a mandatory minimum sentence of 240 months.[1] However, after the written plea agreement was signed and by the time of the July 31, 2002 hearing when Hicks entered his guilty plea, it had been determined that Hicks was a career offender and, thus, facing a sentence of at least 262 months.[2]

After the discovery of the fact that Hicks was a career offender, the written plea agreement was modified to reflect that fact with the insertion of a handwritten notation limiting the sentence to a term of 262 months in the paragraph entitled Sentence Agreement which stated:

3. *Sentence Agreement*

A. *Imprisonment.* Defendant shall be sentenced to no more than the midpoint of the applicable guideline range as determined by the court, *and in no event to exceed 262 months.*[3]

JA at 71.

Before accepting his guilty plea, the district court carefully explained the impact of the career offender status to Hicks in the following colloquy:

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1. The sentencing worksheet was attached to the written plea agreement. The plea agreement was signed by Hicks on July 24, 2002 and filed on July 24, 2002. The sentencing worksheet set the adjusted offense level at 32 less 3 levels for acceptance for responsibility and computed the criminal history category as IV which called for a sentencing range of 121 to 151 months. However, the worksheet provided that the defendant was subject to the mandatory minimum sentence of 240 months.

2. The sentencing range for an offense level of 37 and a criminal history of VI, mandated by the career offender provisions, is 360 months to life. The range for an offense level of 34 (reduced by virtue of credit for accepting responsibility) and a criminal history of VI is 262 months to 327 months.

3. The italicized information was handwritten and initialed by the defendant.

THE COURT: The career offender status automatically requires that your base offense level under the guidelines be 37. Has that been explained to you?

A  Um humm, no.

THE COURT: Well let me just walk through this. As a career offender, with this kind of maximum penalty exposure, your base offense level is 37 and your criminal history category is 6. That's what the guidelines call for, that would yield a guidelines range of 30 years to life.

However, it's also been recommended in the plea agreement that you be given a reduction in your offense level to—of 3 levels for acceptance of responsibility.

Now that's what the government and your lawyer are recommending to me, but I have to make the choice as to whether your acceptance of responsibility is appropriate in your case. And if I were to indicate that it was not, then this 262 month cap would not be within the guideline range, and I would reject the plea agreement at that point and you would have an opportunity to reject or withdraw your plea and go to trial if you wanted to; do you understand that?

A  Yes, sir.

JA at 29.

No objection was raised by Hicks's trial counsel to the insertion of the language limiting the sentence to 262 months at the time the guilty plea was entered or at the time of sentencing.

On appeal, Hicks's appellate counsel contends that it was error to sentence him beyond the 240 months as earlier predicted on the sentencing worksheet. In the absence of an objection at the district court, we review Hicks's claim on appeal of a breach of the written plea agreement for plain error. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998), *cert. denied*, 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 371 (1999).

The Federal Rules of Criminal Procedure recognize three types of guilty plea agreements. See Rule 11(c)(1)(A), (B), (C).[4] Only the "C" agreement binds the district court to follow the dictates of the agreement, but with the proviso that the district court retains the discretion to reject the provisions of the "C" agreement and permit the defendant who has already entered the guilty plea to withdraw the plea. In the case at hand, after it became obvious that Hicks was a career criminal offender, counsel for the government and Hicks then entered into a "C" agreement with the handwritten modification of the terms of the written plea agreement, limiting the sentence to 262 months. The district court still retained the discretion un-

4.  Rule 11(c)(1)(A)(B)(C) provides:

(c) Plea Agreement Procedure.

(1) In General. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

(A) not bring, or will move to dismiss, other charges;

(B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

der the provisions of Rule 11(c)(5)(A)[5] to reject the 262 month limitation, but he did not and sentenced within the constraints of the written plea agreement.

The claim on appeal that Hicks is entitled to a sentence of 240 months or to withdraw his guilty plea ignores the reality of the discretion of the district court to reject a "C" agreement. By the time Hicks entered his plea of guilty, it was made apparent to Hicks that any agreement to receive a sentence of 240 months, as initially predicted by the terms of the sentencing worksheet, had vanished by the revelation that he was a career criminal offender. Hicks's trial counsel, by the addition of the written notation in the plea agreement, negotiated a "C" agreement as to the sentence. At the time of the subsequent sentence, had the district court rejected the limitation by a sentence exceeding 262 months, Hicks would have enjoyed a remedy including the withdrawal of his guilty plea. But under the circumstances of this case, Hicks has no such remedy. The district court not only advised Hicks of the fact that he was facing a sentence of 262 months at the time he accepted Hicks' plea of guilty, he also applied the "C" agreement by limiting the sentence to a term of 262 months. Consequently, we find no error, plain or otherwise, and affirm the challenged sentence of 262 months.

---

5. Criminal Rule 11(c)(5)(A) provides:

(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):

(A) inform the parties that the court rejects the plea agreement.