**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Douglas STEVENSON, Defendant–**
**Appellant.**

No. 03–1739.

United States Court of Appeals,
Sixth Circuit.

April 21, 2004.

Sheldon Light, Frances Lee Carlson, Detroit, MI, for Plaintiff–Appellee.

Douglas Stevenson, Springfield, MO, pro se.

Before: COLE and COOK, Circuit Judges; and SPIEGEL, District Judge.*

*ORDER*

Douglas Aaron Stevenson appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stevenson pleaded guilty pursuant to a negotiated plea agreement to one count of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In their plea agreement, the parties agreed that the applicable guideline range was 135 to 168 months and that Stevenson would not be

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

sentenced in excess of 168 months. The district court sentenced Stevenson to 135 months of imprisonment.

On appeal, Stevenson's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Stevenson has responded to counsel's motion to withdraw.

Upon review, we grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits no issues for review. In his response to counsel's motion to withdraw, however, Stevenson contends that the district court erred by not "engag[ing] in fact finding to determine that appellant's disability is an 'extraordinary physical impairment' warranting a downward departure ... under USSG § 5H1.4."

Before proceeding to the issue, we note that we have reviewed the record and conclude that Stevenson entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755, 90 S.Ct. 1463. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Stevenson entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Stevenson knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court reviewed with Stevenson the provisions of the plea agreement and the rights he was waiving. Stevenson told the district court that he understood the charge against him. The district court explained the consequences of Stevenson's plea in terms of the possible length of sentence and length of supervised release. Stevenson told the district court that he understood. The district court specifically addressed Stevenson's right to plead not guilty, the right to trial by jury, the right to assistance of counsel, the right to confront and cross examine witnesses, the right to subpoena witnesses, the presumption of innocence, and the government's burden of proof. Stevenson expressly waived those rights.

The district court then examined the parties' plea agreement. Stevenson expressed his understanding of the terms of the agreement and Stevenson admitted the essential elements of the offense. Thus, the court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Stevenson knowingly, intelligently, and voluntarily pleaded guilty.

Stevenson waived his right to appeal his sentence. A defendant in a criminal case may waive the right to appeal, *see United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir.2001); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995), as long as

the defendant waives the right knowingly and voluntarily. *Fleming,* 239 F.3d at 764. In his negotiated plea agreement, Stevenson affirmatively waived his right to appeal. He agreed that "all sentencing guidelines provisions that would affect defendant's guideline range have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others." Stevenson also agreed "not to appeal the accuracy of any factor stipulated to in the attached worksheets." The worksheets set forth a total offense level of thirty-one, a criminal history category of three, and a resulting guideline range of 135–168 months of imprisonment. Thus, the record clearly demonstrates that Stevenson understood the waiver contained in the plea agreement and consented to it voluntarily.

Stevenson does not deny that the waivers in his plea agreement were made knowingly and voluntarily. As such, Stevenson waived the right to appeal his sentence as long as it was imposed in accordance with the plea agreement. There is no dispute that the district court sentenced defendant in accordance with that agreement. The district court sentenced Stevenson to 135 months of imprisonment, thereby precluding Stevenson from appealing.

Defendant frames the issue as one involving the district court's failure to sua sponte conduct fact finding to determine whether or not to depart downward under § 5H1.4. This analysis is inappropriate because defendant did not request a downward departure from the guidelines on these grounds. Stevenson made no claim that his need for dialysis treatment constituted an 'extraordinary physical impairment' which is not particularly surprising since he had waived the right to request departure for any reason not contemplated in the plea agreement. The plea

agreement was a contractual bargain that provided certain benefits. Defendant received benefits from the agreement regarding the base offense level, his acceptance of responsibility, and the dismissal of seven other charged offenses. Just as the government would be bound by the agreement regardless of any after-acquired information that might affect the possible offense level, Stevenson was bound by the agreement regardless of his after-acquired desire for a lighter sentence. In sum, Stevenson may not now challenge the district court's failure to engage in a factual examination of Stevenson's health because Stevenson agreed not to request such a departure and waived his right to appeal from the sentence.

Even if Stevenson had not waived his right to appeal his conviction and sentence, we have reviewed the record and discovered no error warranting reversal of Stevenson's conviction or sentence. Stevenson contends that the district court erred by not engaging in fact finding to determine if Stevenson's disability is an 'extraordinary physical impairment' warranting a downward departure under USSG § 5H1.4. Since Stevenson did not object at the time of sentencing, this court must apply plain error review. *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. McGahee,* 257 F.3d 520, 531 (6th Cir.2001). Under plain error review, an appellate court can correct an error not raised in the trial court if there was (1) error, (2) that was plain, and (3) the error affected substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (*citing United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the

error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson*, 520 U.S. at 467, 117 S.Ct. 1544; *see also Koeberlein*, 161 F.3d at 949.

No such error exists in Stevenson's case. One's physical condition is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. USSG § 5H1.4, p.s.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.