**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lamarr STALLINGS, Darrell Woodall,
Alvin Phillips, Defendants–
Appellant.**

Nos. 02–4461, 03–3011, 03–3012.

United States Court of Appeals,
Sixth Circuit.

May 6, 2004.

Robert E. Bulford, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Plaintiff–Appellee.

Robert E. Kerper, Akron, OH, Patrick E. Talty, Rocky River, OH, Richard P. Kutuchief, Akron, OH, for Defendants–Appellants.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

MERRITT, Circuit Judge.

Beginning in at least early as 1997 and continuing through mid–2002, defendants were involved in a conspiracy to possess with intent to distribute crack cocaine in Akron, Ohio. Defendants Lamarr Stallings. Darrell Woodall, and Alvin Phillips[1] were indicted in a 101–count indictment naming defendants along with 41 others. Defendants each pleaded guilty under a plea agreement and only their sentences are challenged in this appeal. Pursuant to the

---

* The Honorable Patrick J. Duggan. United States District Judge for the Eastern District of Michigan, sitting by designation

1. The appeal of a fourth defendant. Michael Bickley, was originally part of this joint appeal as Case No. 02–4372. Counsel for Bick-

ley has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The government is not responding to the issues raised in Bickley's *Anders* brief herein. Gov't Br. at 3.

plea agreements, the conspiracy count (Count 1) against each defendant was dismissed, with the result that the defendants herein were not charged with the total amount of cocaine distributed through the conspiracy. Instead, defendants were charged only with the amounts listed in the individual counts against each defendant. Each of the three defendants will be addressed in turn below.

### Lamarr Stallings

Defendant Lamarr Stallings pled guilty to three counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Based on an adjusted offense level 21 and a criminal history category of III. Stallings received a sentence of 48 months with three years supervised release on each count to run concurrently. Stallings raises four issues on appeal: (1) he should have received a role reduction due to his minor involvement in the conspiracy; (2) the district court should not have included certain misdemeanor offenses committed when he was a juvenile because he was not represented by counsel in those proceedings; (3) he is entitled to a downward departure because the criminal history category calculated for him overstates the seriousness of his criminal history and (4) he is entitled to a downward departure based on the totality of the circumstances and the fact that he does not fall within the "heartland" of this type of case.

■ Stallings first argues that he should have received a four-level role reduction for his minimal activity in connection with the three counts of distribution with which he was charged (Counts 13, 14, 16). Stallings contends that because he performed a limited role in the overall conspiracy, he should receive a reduction pursuant to U.S.S.G. § 3B1.2. The district court did not err in refusing to give Stallings a role reduction because he was the only person involved in the sales he made.

Section 3B1.2 "is not applicable unless more than one participant was involved in the offense." The fact that the amount of cocaine attributed to him in relation to the overall conspiracy is small is of little relevance here, particularly, as the district court noted, because the general conspiracy count was dismissed against Stallings. In other words, application note 3(A) to guideline § 3B1.2 ("A defendant who is *accountable* [for relevant conduct] ... is not precluded from consideration for an adjustment under the guidelines") does not aid Stallings here because he was sentenced only for the total grams of cocaine base represented by the three counts to which he pled guilty. (Emphasis added.) There was no enhancement, or any increase in the base offense level—he was not made "accountable"—for relevant conduct. Application note 3(A) does not call for an adjustment for a defendant who is sentenced only for the drugs in substantive counts in which he alone participated and whose sentence is unaffected by his role, if any, in concerted activity."

As to the calculations of his criminal history category, Stallings contends that he should not have been given two criminal history points for misdemeanor convictions received while he was a juvenile, for which he received only probation and where he may not have been represented by counsel. Stallings also contends that he should not have received one criminal history point for conviction of Attempted Possession of Cocaine under Ohio law because there is no such crime in Ohio. Stallings sums up his argument about his criminal history category by claiming that the district court erred in not granting him a downward departure on the ground that his criminal history overstates the seriousness of his past criminal history.

■ None of these arguments has merit. Stallings argues that the district court erred in assessing two criminal history

points for his juvenile misdemeanor convictions for breaking and entering and drug/tampering because he may not have been represented by counsel. *Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). Because this claim is made for the first time on appeal, it is reviewed for plain error. These convictions were clearly reflected in the presentence report, and no objection was made. No further investigation of these convictions was done below; the record is silent as to the circumstances of these convictions; therefore, there is no basis in the record for us to find plain error on appeal.

Stallings' argument that he should not have been assessed one criminal history point for Attempted Possession of Cocaine because no such law exists in Ohio is also without merit. Attempt to Commit Drug Abuse is a crime under Ohio Rev.Code § 2903.02. Furthermore, Stallings did not specifically raise this issue before the district court, and we do not find plain error.

■ What Stallings did argue below was that he was entitled to a downward departure based on the argument that his criminal history category overstates the seriousness of his past crimes. On appeal, Stallings reframes this somewhat as an error based on the district court's failure to depart downward based on the "totality of the circumstances" and the argument that he is not within the "heartland" of the guidelines used to sentence him. U.S.S.G. § 5K2.0. Contrary to Stallings' claims, there is no indication that the district court did not recognize its ability to depart where the circumstances warrant such action. Therefore, the issue is nonreviewable on appeal. *United States v. Ridge,* 329 F.3d 535, 544 (6th Cir.2003).

### Darrell Woodall

Defendant Darrell Woodall pled guilty to five counts of distribution of crack cocaine and aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(C) (Counts 75, 80, 84, 91, 98). Based on an adjusted offense level of 30 and a criminal history category of VI, Woodall received a sentence of 205 months with three years supervised release on Count 80 and four years supervised release on Counts 75, 84, 91 and 98, each count to run concurrently. Woodall raises two issues on appeal: (1) that the district court erred in refusing to credit Woodall with any reduction for acceptance of responsibility and (2) that the district court erred in assessing a two-level enhancement for Woodall's role in the offense.

■ In drafting the plea agreement with Woodall, the government agreed to recommend a two-level reduction for acceptance of responsibility and agreed that Woodall would request an additional one-level reduction. Because Woodall sent a letter to the probation officer wherein he declined to take responsibility for his actions, calling himself a "victim" and referring to his offenses as "little mishaps," the probation officer declined to recommend the two-level reduction for acceptance of responsibility. Woodall argues that the district court erred by not granting him a reduction for acceptance of responsibility based on his signing of the plea agreement. The district court based its decision to accept the recommendation of the probation officer and not that of the government on Woodall's own statements to the probation officer. The district court engaged in a lengthy discussion with counsel and the defendant about this issue at the sentencing hearing and decided to deny the reduction. This decision was well within the court's discretion.

■ Woodall claims on appeal that because the government did not argue on his behalf regarding the reduction, nor state

orally at the sentencing hearing that it supported the reduction, that it breached its agreement with Woodall. The government did not breach its agreement with Woodall. The government advised the court of its recommendation for the reduction at the change of plea hearing and stated at the sentencing hearing that it stood by its recommendation. The government was not required to argue on behalf of, nor orally to state its support of, the recommendation at the sentencing hearing in order to fulfill its commitment to Woodall regarding acceptance of responsibility.

■ Woodall also claims error in the assessment of a two-level enhancement for his role in the offenses pursuant to U.S.S.G. § 3B1.1(c). The two-level enhancement was recommended in the presentence report, but there is no record of objection by Woodall to the enhancement either in writing or orally at the hearing. We therefore review for plain error. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). In the factual basis for the plea agreement and in the presentence investigation report, Woodall's use of third parties to complete the drug transactions is set out. At the plea hearing, Woodall gave the names of two individuals he used in the transactions at issue. Accordingly, ample evidence exists supporting the finding by the district court for the two-level enhancement for a leadership role in the transactions and there is no plain error.

### *Alvin Phillips*

Defendant Alvin Phillips pled guilty to four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 52, 53, 78, and 90). Based on an adjusted offense level 21 and a criminal history category of IV, Phillips received a sentence of 57 months with three years supervised release on each count to run concurrently. Phillips raises two issues on appeal: (1) that the district court erred in refusing to depart downward because Phillips' criminal history category overstates the seriousness of his criminal history, and (2) that the district court erred in refusing to depart downward from the criminal history category where one point for a minor misdemeanor raised his criminal history category from III to IV.

Neither of Phillips' arguments on appeal contends that the district court erred in calculating his criminal history level, but instead he contends that the district court erred in not granting a downward departure with respect to his criminal history. The record does not indicate that Phillips filed any written objections to the calculation of his criminal history category in the presentence report. Because the same factual basis supports both of Phillips' arguments on appeal, we will discuss them together.

Phillips claims that a criminal history category of IV overstates the seriousness of his criminal history. Phillips properly received two criminal history points for two convictions for misdemeanor drug offenses in 2000 (Occupying a Drug Premise) and 2001 (Possession of Marijuana). He received two additional criminal history points because the current offense occurred within two years following the 2001 conviction. U.S.S.G. § 4A1.1(e). Thus, Phillips received four additional criminal history points based on the two misdemeanor convictions, raising his points from 4 to 8 and resulting in an increase in his Criminal History Category from III to IV. There is no factual error in this calculation.

■ Phillips claims that the raising of his Criminal History Category from III to IV, thereby increasing his sentence from 46 months to 57 months, based on what he describes as *de minimis* criminal conduct, is error and should have warranted a downward departure. The district court,

after a thorough review of the record and a full discussion at the sentencing hearing, declined to reduce the criminal history category. The court noted that Phillips had drug convictions in four consecutive years prior to the instant offense: a 1998 conviction for possession of cocaine, another conviction in 1999 for possession of cocaine, and the two misdemeanors drug convictions in 2000 and 2001. Based on this criminal record, the court did not find that Phillips' criminal history was overstated. As previously explained, a district court's refusal to depart is not appealable so long as the court is aware of its authority, as was the case here. Therefore, we decline to review this issue or Phillips' request for a downward departure based on the disparity in the penalty range between federal and state law for the same conviction.

For the foregoing reasons, we affirm the judgment of the district court.