**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peter L. CURBELLO, Defendant–
Appellant.**

No. 05–1886.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 10, 2005.

Decided Nov. 15, 2005.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Calvin R. Malone, Federal Defender Services of Eastern Wisconsin, Inc., Milwaukee, WI, for Defendant–Appellant.

Before FAIRCHILD, EVANS, and SYKES, Circuit Judges.

## ORDER

Peter Curbello pleaded guilty to Social Security fraud, 42 U.S.C. § 408(a)(7)(B), and bank fraud, 18 U.S.C. § 1344(2), and was sentenced after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to concurrent prison terms of 24 months and ordered to pay $112,129 in restitution. The sentence fell within the advisory guidelines range. Curbello's counsel cannot find a nonfrivolous basis for appeal and moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Curbello was sent counsel's supporting brief but did not respond, and counsel's brief is facially adequate, so we limit our review to the potential issues counsel has identified.[1] *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Curbello has corresponded several times with his counsel since sentencing and has not indicated that he wishes to withdraw his guilty pleas. And that is his choice: it would be risky to take his case to trial and chance a longer prison sentence. We have therefore held that in the absence of such an indication counsel should not explore plea issues in an *Anders* brief. *United*

*States v. Knox*, 287 F.3d 667, 670–71 (7th Cir.2002). Counsel flags as a potential issue the reasonableness of Curbello's prison terms, but the district judge noted that the guidelines were advisory and went on to discuss many of the factors set out in 18 U.S.C. § 3553(a), so we see no possibility that Curbello will rebut the presumption of reasonableness that attaches to a sentence within the guideline range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). Furthermore, any challenge to Curbello's criminal history category would be frivolous. Curbello briefly contended at sentencing that he was improperly assessed a criminal-history point for a nonexistent theft conviction. But he abandoned this argument at sentencing by refusing the district court's offer of extra time to prove that the theft charge was actually the same as an undisputed conviction for which he was assessed three points, so the question would be waived for purposes of an appeal. *See United States v. Parker*, 368 F.3d 963, 969—70 (7th Cir. 2004). Finally, because of the identity of appellate counsel, we cannot properly review Curbello's ineffective assistance of counsel claim and he should instead pursue it in a motion under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Harris*, 394 F.3d 543, 557—59 (7th Cir.2005).

MOTION GRANTED; APPEAL DISMISSED.

---

1. Counsel does not mention any issue concerning restitution. The district court imposed over $112,000 in restitution even though the plea agreement settled upon only $103,000 in provable losses. But the plea agreement states that its figure is subject to change, and the court permissibly relied on the pre-sentence report's (PSR) higher calcu-

lation of the loss. *See United States v. Koeberlein*, 161 F.3d 946, 951–52 (6th Cir.1998). If a civil claimant later recovers against Curbello for less than the full amount of restitution, Curbello may seek to reduce the restitution award under 18 U.S.C. § 3664(j)(2). *See United States v. Dawson*, 250 F.3d 1048, 1051 (7th Cir.2001).