**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0289n.06
Filed: April 25, 2007

**No. 06-5102**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| JEREMIAH MARSHALL, | ) | |
| | ) | |
| *Defendant-Appellant,* | ) | |

Before: COOK and McKEAGUE, Circuit Judges, and EDGAR, District Judge.[*]

PER CURIAM. Jeremiah Marshall appeals his conviction by a jury under 21 U.S.C. § 841(a)(1) for possessing methamphetamine with the intent to distribute it (Count One) and distributing methamphetamine (Count Two). The jury deadlocked on two firearms charges, possessing a machine gun in violation of 18 U.S.C. § 922(o) (Count Three), and being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count Four). These firearms counts, along with a forfeiture count, were later dismissed without prejudice on motion of the government. During the trial, Marshall asserted a defense of entrapment. On appeal he contends that his

_____

[*] The Hon. R. Allan Edgar, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

convictions on Counts One and Two should be reversed since they were the product of prosecutorial misconduct in the closing argument. While we agree with Marshall that some of the prosecutor's argument is questionable, we nonetheless conclude, applying the law of this circuit, that his convictions should be affirmed.

## I.

Marshall participated in several phone calls with special agent Kirk Steward, of the Bureau of Alcohol Tobacco and Firearms, ("BATF") in February 2005 wherein he (Marshall) discussed trading methamphetamine to Steward, who was acting under cover, in return for firearms. On March 5, 2005, Marshall met with Steward and, in a recorded conversation, discussed trading methamphetamine to Steward for firearms. Marshall talked about several other methamphetamine deals he had recently done with methamphetamine that he himself had cooked. This meeting concluded with Marshall selling Steward approximately ten (10) grams of methamphetamine for nine hundred dollars ($900) in cash.

On March 14, 2005 after some phone calls between Marshall and Steward discussing trading firearms for methamphetamine, they again met. This meeting was videotaped. Marshall sold Steward an ounce of methamphetamine in exchange for twelve hundred dollars ($1200) in cash and several machine guns and semi-automatic firearms.

At trial the parties entered into an "Old Chief"[2] stipulation that Marshall was a convicted felon. During the presentation of the government's case, defense counsel started to lay the foundation for an entrapment defense. In a side bar, Marshall's counsel acknowledged to the court that he was indeed pursuing such a defense. The prosecutor proposed then to admit all of Marshall's

---

[2] *Old Chief v. United States*, 519 U.S. 172 (1997).

prior convictions. Defense counsel objected to the admissions of any of those convictions on the grounds that they were not related to the drug and gun charges being tried. The court reserved ruling pending a determination of whether Marshall's prior convictions should be admitted to allow the government to demonstrate predisposition in response to Marshall's entrapment defense.

During the presentation of the defense case, Marshall testified, with respect to his "entrapment," that he was only selling methamphetamine as a favor to Mike Burris, in whose home Marshall lived with Burris's daughter. Marshall testified that he felt he had to sell methamphetamine for Burris, otherwise Burris would have kicked him out of the house. Burris was a government informant. On cross examination the prosecutor was permitted to ask Marshall about all of his prior convictions, including prior state convictions for robbery and theft. The government now concedes that the robbery and theft convictions were inadmissable under Federal Rules of Evidence 609(b) as being more than ten years old, although there was no defense objection made on this ground.[3] The prosecutor also asked Marshall about other convictions, including ones for intimidation, battery, criminal recklessness, and assisting a criminal. The prosecutor was permitted without objection to delve into some of the facts surrounding the prior convictions; and in particular, the intimidation conviction. Here Marshall testified that he had hit a potential witness in the head with a pistol and fired a shot near, but not at, that person.

## II.

On appeal Marshall asserts that the prosecutor engaged in misconduct in his closing argument. The primary portions of the argument addressed in the appeal are

---

[3] The district court's evidentiary ruling admitting these convictions is not asserted as error on appeal.

(1) Repeated suggestions that Marshall had once shot someone, when the evidence did not support that assertion;

(2) Vouching for the credibility of BATF Agent Steward by saying that Steward would not have pursued Marshall unless he thought Marshall was guilty. Specifically the prosecutor said (with respect to Steward): "[h]e doesn't have time to chase honest citizens. He picks the worst of the worst, and he goes after them, and that's why he went after Jeremiah Marshall." [J.A. 406]; and

(3) Inappropriate references to Marshall's character as evidenced by his previous convictions. One such statement was that Marshall "is predisposed to commit any felony that benefits him and . . . he's a menace to this community." [J.A. 399].

### III.

We begin our analysis with the observation that in this particular case, Marshall's prior convictions were admissible for several purposes. The general rule, which is embodied in Federal Rule of Evidence 404(b), is that an accused's character is generally not admissible for the purposes of producing action in conformity therewith. However, when the defense of entrapment is asserted, prior convictions can be admitted to prove criminal predisposition. *United States v. Franco*, ___ F.3d ___, 2007 WL 1061747 *3 (6th Cir. 2007); *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). In this case, because Marshall took the stand, his prior convictions were also admissible on the issue of his credibility, subject to the limitations of Rules 403 and 609 of the Federal Rules of Evidence. Finally, in this case the existence of a prior criminal record was no secret, due to a stipulation of its existence for purposes of the government proving the felon in possession of firearms charge, 18 U.S.C. § 922(g).

This circuit reviews prosecutorial closing arguments *de novo.* The issue is a mixed one of

4

fact and law. *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005). The framework for reviewing claims of prosecutorial misconduct has most recently been provided by this circuit's decision in *United States v. Tarwater*, 308 F.3d 494, 510-11(6th Cir. 2002).

> When reviewing claims of prosecutorial misconduct, we determine first whether the statements were improper. If they appear improper, we then look to see if they were flagrant and warrant reversal. To determine flagrancy, we consider: 1) whether the statements tended to mislead the jury or prejudice the defendant; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused.

*Tarwater*, 308 F.3d at 511 (citations omitted); *United States v. Tocco*, 200 F.3d 401, 420 (6th Cir. 2000).

**A.      Prosecutor's alleged misstatements about Marshall having shot someone**.

The prosecutor on several occasions during the course of the closing argument referred to Marshall having shot <u>at</u> a "snitch," or having shot snitches. Marshall on cross-examination testified that he had retaliated against a person because that person had been a witness against him in an earlier criminal case. According to Marshall, the retaliation took the form of hitting the person in the head with a pistol and shooting a handgun in the area near that person. Technically, it has to be said that the prosecutor has stretched the facts by saying that Marshall shot <u>at</u> someone or shot someone. However, we cannot say that the distinction between "near" and "at" makes those particular assertions a misstatement, because arguably they were a permissible inference from the facts. However, the several statements by the prosecutor that Marshall had actually shot someone, were misstatements, and were thus improper.

**B.      Prosecutor's asserted "vouching" statement**.

Taken by itself, the above-quoted statement would be an assertion that Marshall was guilty

5

because agent Steward only investigates guilty people. As such it would be improper vouching for Agent Steward's credibility. Agent Steward testified for the government at trial. However, when the statement is placed in the context of the entire argument, it appears to have been in response to Marshall's claim of lack of predisposition. The prosecutor was essentially explaining why Steward was investigating Marshall. This statement, while it should have been more artfully crafted, was not improper when placed in this context.

**C.      The Prosecutor's alleged inappropriate references to Marshall's character.**

As we have said, Marshall himself injected his prior convictions and his character into this case by asserting an entrapment defense and by testifying. Once this was done, it became inevitable that his character would be discussed by the prosecution. It would have been more appropriate for the prosecutor to confine the predisposition argument to the offenses charged in the indictment, not "any felony that benefits him." The hyperbole about Marshall being a "menace" could likewise have been disposed with. However, these character references were not improper in this case where in fact Marshall's character was fair game.

**IV**.

As we have said, some statements made by the prosecutor were indeed improper. However, those statements must still be looked at through the prism provided by *Tarwater* and related cases to determine whether the statements were flagrant. Some of the prosecutor's statements were misleading, but when juxtaposed against the background of this particular case, they were not unfairly prejudicial to Marshall. There was only one isolated asserted vouching statement. The other challenged prosecutorial comments were scattered throughout the closing argument. The statements, improper or not, were indeed deliberately placed before the jury. However, the fourth and final

6

"flagrancy" factor is dispositive here. The total strength of the evidence against the defendant was overwhelming. Marshall did not deny selling methamphetamine. The jury saw a videotape of one of the charged drug transactions and listened to audio tapes of other drug conversations in which Marshall was a participant. Furthermore, his entrapment defense was very weak. There was abundant proof that Marshall was predisposed, and indeed even eager, to distribute methamphetamine. His conversations revealed that he knew how to manufacture methamphetamine and that he had concluded other drug deals. There was no evidence, even in Marshall's own testimony, that Mr. Burris, his girlfriend's father, ever induced or encouraged Marshall to sell methamphetamine. Moreover, there was no evidence that Mr. Burris had any role to play on behalf of the government in this case. We thus conclude that the prosecutor's final argument does not warrant reversal.

## V.

Our conclusion is buttressed by the fact that we are here reviewing for only plain error because no objections were made to any portion of the final argument at trial.

> To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.,* obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). For the reasons we have already expressed, the prosecutor's final argument does not amount to plain error. It did not affect the defendant's substantial rights and most certainly did not affect the fairness, integrity, or public reputation of the trial.

## VI.

7

Marshall contends that his counsel was ineffective. This ineffectiveness is alleged to have transpired in the failure of counsel to object to any portion of the final argument, but to certain other actions taken, or not taken, in the case as well. Consideration of this claim will be deferred until Marshall makes any claim for post-conviction relief, in order to permit development of a record. *United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005); *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993).

We therefore **AFFIRM** the judgment of the district court.