**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0573n.06

Case No. 19-4205

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Oct 07, 2020

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) | |
| ALFRED WERMAN, | ) | |
| Defendant-Appellant. | ) | **OPINION** |

**BEFORE: COLE, Chief Judge; McKEAGUE and WHITE, Circuit Judges.**

**McKEAGUE, Circuit Judge**. After multiple weapons offenses within a month's time, police arrested Alfred Werman for possessing a firearm and ammunition while a felon. Werman pled guilty and was sentenced to 60 months in prison. He claims both procedural and substantive error in the district court's sentence and decision to vary upward from the Guidelines range, first arguing that the court failed to adequately explain the reasons for his sentence and second that the court unreasonably considered Werman's pending charges in Cuyahoga County.

We find these arguments to be without merit and **AFFIRM** Werman's sentence.

**I**

On April 27, 2019, Garfield Heights police twice responded to Werman's home in response to threats he made to his wife. Both times they found guns. First, they found an AK-47 in the

home and next recovered a handgun from Werman himself. The police promptly arrested Werman for domestic violence and having weapons under disability. Afterwards, Werman's wife received a protective order against Werman, but he remained undeterred, showing up again on May 20, 2019. After removing Werman from the home, the police learned that he had left behind a stolen pistol and ammunition. The police seized the gun and interviewed Werman, who admitted he had purchased the weapon the day before. For this conduct, Werman was charged with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) on June 3, 2019. After being indicted by a grand jury, Werman pled guilty on August 19, 2019.

On December 5, 2019, the district court sentenced Werman to 60 months in prison, varying upward from his Guidelines range of 33 to 41 months. Werman's attorney objected to the length of the sentence and to any consideration the court might've given to Werman's pending criminal cases in Cuyahoga County, but didn't object on the ground that the court failed to adequately explain its sentence.

This appeal followed.

**II**

We review sentences, whether within or outside of the advisory Guidelines range, for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Additionally, "we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). After announcing its sentence, a district court must "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). If a defendant does not raise a procedural objection at that time, the claim is reviewed only for plain error. *Id.* at 872–73; *see also United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009).

Review comes in two stages: first, we determine whether the sentence was procedurally reasonable by examining whether "the trial court follow[ed] proper procedures and [gave] adequate consideration to [the 18 U.S.C. § 3553(a)] factors." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020)). If so, we then examine if the sentence was substantively reasonable by "determin[ing] if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a) and ask[ing] whether the district judge abused his discretion in determining that the § 3553(a) factors supported the sentence imposed." *Id.* (quoting *Holguin-Hernandez*, 140 S. Ct. at 766) (internal quotation marks omitted). "In short, procedural review of a sentence concerns the propriety of the factors that go into a sentence; substantive review assesses the reasonableness of the sentence that results." *Id.*

First, Werman challenges the procedural reasonableness of his sentence by claiming that the district court failed to provide a sufficient explanation for its decision to vary upward. As Werman didn't raise this argument below, we review it for plain error. *See Bostic*, 371 F.3d at 872. So, Werman must show (1) error (2) that "was . . . obvious or clear," (3) that "affected [his] substantial rights" and (4) that "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

No procedural error happened here. The district court engaged in a thorough overview of Werman's offense conduct, criminal history, upbringing, substance abuse, and employment. The district court allowed a rabbi to speak on Werman's behalf and discussed the need for Werman to receive substance-abuse treatment. And in considering sentencing disparities, the court noted that the national average sentence for firearms offenses for someone with Werman's criminal history category was 87 months, significantly higher than Werman's Guidelines range. After considering

all of this, the court concluded that "the aggravating factors substantially outweigh the mitigating factors." The court's explanation for its sentencing decision was more than sufficient, and so Werman can show no error here.

Next, Werman challenges the substantive reasonableness of his sentence by claiming that the district court placed an unreasonable amount of weight on Werman's pending criminal charges in Cuyahoga County.[1] But nothing in the sentencing transcript supports this. The district court identified two primary factors in deciding to vary upward from the Guidelines range. First, the court outlined Werman's extensive criminal history, beginning as a juvenile and extending into adulthood. Werman's ten juvenile and eight adult convictions placed him in the highest criminal history category of VI at the age of 27. Only after outlining Werman's criminal past did the district court mention Werman's pending firearms charges in Cuyahoga County, and took care to note that he was "not treating them as convictions" but merely finding them "relevant" because "they're consistent with [Werman's] history."

Second, the district court focused significantly on Werman's history of firearms offenses. The court heard that despite two prior firearms convictions, Werman continually sought guns and offered conflicting and improbable stories as to how he got them (such as finding a pistol "in the bushes"). Again, the district court noted that the pending charges in Cuyahoga County involved firearms, just like the offense for which Werman was being sentenced. Indeed, the district court concluded that Werman had a "penchant . . . for firearms" and his consistent attempts to "always try and get guns" posed a danger to the public combined with his substance-abuse issues,

---

[1] Werman raised this objection during his sentencing proceeding, and we review substantive reasonableness challenges under an abuse-of-discretion standard. *United States v. Brooks*, 628 F.3d 791, 795 (6th Cir. 2011). "An abuse of discretion occurs when the reviewing court is left with the 'definite and firm conviction that the trial court committed a clear error of judgment.'" *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008) (quoting *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir. 2007)).

warranting an upward variance. The use of the pending charges to support the district court's determination that Werman posed a danger to the public, based on his lengthy criminal history, was not an abuse of discretion. *See United States v. Williams*, 807 F. App'x 505, 508 (6th Cir. 2020) (finding that the district court "properly considered" the defendant's pending charges as part of the basis for an upward variance from the Sentencing Guidelines range); *United States v. Lytle*, 565 F. App'x 386, 394 (6th Cir. 2014) (noting that a district court may "consider other pending charges" when imposing a sentence); *United States v. Alford*, 332 F. App'x 275, 284–85 (6th Cir. 2009) (same); *see also* U.S.S.G. § 4A1.3(a)(2)(D) (providing that a district court may consider pending charges when deciding whether an upward departure is warranted). Ultimately, the district court's weighing of the § 3553(a) factors "is a matter of reasoned discretion, not math," *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018), and we see no reason to question the sentence here.

**III**

For the foregoing reasons, we **AFFIRM** the sentence of the district court.